# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00780-REB-KLM

(Consolidated with Civil Action Nos. 09-cv-00816-REB-KLM and 09-cv-00829-REB-KLM)

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

_____

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE
_____

**Blackburn, J.**

    This matter is before me on the **Unopposed Motion for Preliminary Approval of Class Action Settlement** [#94][1] filed November 11, 2011. The motion is granted on the terms stated in this order.

    WHEREAS, a consolidated class action is pending before the Court entitled *Mishkin v. Zynex, Inc., et al.*, Civil Action No. 1:09-cv-00780-REB-KLM (the "Litigation");

---

[1] "[#94]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1

WHEREAS, the Court has received the Stipulation of Settlement dated as of November, 8, 2011 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a settlement class and the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court hereby certifies a Class, for settlement purposes only, defined as: All Persons who purchased Zynex common stock between May 21, 2008 and March 31, 2009, inclusive. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of Zynex, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request

exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. With respect to the Settlement Class, this Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the action.

4. A hearing (the "Settlement Hearing") shall be held before this Court on **September 14, 2012, at 9:00 a.m.,** at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and

expenses that should be awarded to Lead Counsel or Lead Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Class Action Administration, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **May 4, 2012** (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than **May 4, 2012**, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who held Zynex common stock purchased between May 21, 2008 and March 31, 2009, inclusive, for the benefit of another shall send the Notice and the Proof of Claim to all beneficial owners of such Zynex common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than **forty five (45) days** from the Notice Date, or by **June 19, 2012**, whichever is later. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may accept late submitted claims for processing so long as the

distribution of the Net Settlement Fund to other Authorized Claimants is not materially delayed thereby.

10. Any Person who desires to request exclusion from the Class shall do so no later than **June 19, 2012**, in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **June 19, 2012**. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) each of the Person's purchases and sales of Zynex publicly traded equity securities made during the Settlement Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; (3) that the Person wishes to be excluded from the Settlement Class; and (4) the signature of the Settlement Class Member, or his, her, or its authorized designee. If the Request for Exclusion is sought on behalf of a third-party (such as a trust or estate), evidence of authorization to act as his, her, or its authorized designee must be

enclosed. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

13. All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or expenses or by Lead Plaintiffs for expenses shall be filed and served **sixty (60) calendar days** before the Settlement Hearing, or by **July 16, 2012**, whichever is later.

14. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the Lead Plaintiffs' expenses should or should not be reimbursed; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, the attorneys' fees and expenses to be awarded to Lead Counsel or the expenses to be reimbursed to Lead Plaintiffs, unless that Person has filed with the Clerk of the United States District Court for the District of Colorado, on or before **August 13, 2012**: (i) a statement submitted under penalty of perjury of the number of shares of Zynex common stock that Person purchased and sold during the Class Period, including the date(s) of acquisition or disposition of any such stock with proof thereof; (ii)

a statement of that Person's specific objections to the settlement and the judgment to be entered thereon, and/or the award of attorneys' fees and expenses to Plaintiffs' counsel; and (iii) all other documents, writing and other evidence that the Person desires the Court to consider. That Person must also must deliver these documents by hand no later than **August 17, 2012**, or send them by first class mail so that the documents arrive no later than **August 17, 2012**, to each of the following counsel of record: The Shuman Law Firm, Kip B. Shuman, 885 Arapahoe Avenue, Boulder, Colorado 80302; and Fulbright & Jaworski L.L.P., William J. Leone, 370 17th Street, Suite 2150, Denver, Colorado 80202. The statement regarding the number of shares of Zynex common stock the Person purchased and sold during the Class Period does not need to be notarized, and the following sentence at the end of the statement and before the signature shall be sufficient to satisfy the certification requirement: "I declare under the penalty of perjury that the foregoing is true and correct." Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel or to the reimbursement of Lead Plaintiffs' expenses, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. The **Unopposed Motion for Preliminary Approval of Class Action Settlement** [#94] filed November 11, 2011, is **GRANTED** on the terms stated in this order.

22. Lead counsel shall ensure that the Notice (Exhibit A-1), Proof of Claim (Exhibit A-2), and Summary Notice (Exhibit A-3) all contain accurate statements of the deadlines stated in this order, accurate mailing addresses for the claims administrator and for counsel named in the notice, and, in paragraph seven (7), an accurate phone number for the claims administrator.

IT IS SO ORDERED.

Dated April 18, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge