**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00780-REB-KLM
(Consolidated with Civil Action Nos. 09-cv-00816-REB-KLM and 09-cv-00829-REB-KLM)

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,
v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

Defendants.

**ORDER APPROVING LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPROVAL OF SERVICE AWARD FOR LEAD PLAINTIFF**

**Blackburn, J.**

THIS MATTER is before the Court on the **Lead Plaintiffs' Revised Motion for Final Approval of the Settlement, Plan of Allocation, and Class Certification, and Lead Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses, and Approval of Service Award for Lead Plaintiff** [#103][1] filed July 26, 2012.  In this order, I address lead counsel's request for an award of attorney fees, reimbursement of expenses, and approval of a service award for the lead plaintiff.  I have considered all papers filed and proceedings conducted herein, and otherwise I am fully informed in the premises.

---

[1] "[#103]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows.

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement [#93], filed with the Court on November 11, 2011 (the "Stipulation"). This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

2. This Court has jurisdiction to enter this Order awarding attorneys' fees and litigation expenses and over the subject matter of the consolidated complaint and all parties to the consolidated actions including all Class Members.

3. Lead Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class. ***Boeing Co. v. Van Gemert***, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. ***Blum v. Stenson***, 465 U.S. 886, 900 n.16 (1984). The Tenth Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. ***See Rosenbaum v. MacAllister***, 64 F.3d 1439, 1445 (10th Cir. 1995).

4. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and litigation expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Lead Counsel has moved for an award of attorneys' fees of 25% of the gross Settlement Fund, or $625,000, plus interest at the same rate as that earned by the gross

Settlement Fund. Lead Counsel's fee and expense application has the support of Lead Plaintiffs.

6. This Court concludes that the percentage-of-recovery is appropriate for awarding attorneys' fees in this Action and hereby adopts said method for purposes of this Action.

7. The Court finds that a fee award of 25% of the gross Settlement Fund is lower than awards made in similar cases. ***See, e.g., McNeely v. Nat'l Mobile Health Care, LLC***, No. 07-933, 2008 U.S. Dist. LEXIS 86741, at *46 (W.D. Okla. Oct. 27, 2008) ("Fees in the range of at least one-third of the common fund are frequently awarded in class action cases of this general variety."); ***Vaszlavik v. Storage Tech. Corp.***, No. 95-2525, 2000 U.S. Dist. LEXIS 21140, at *4 (D. Colo. Mar. 9, 2000) ("[C]lass action fee awards are typically 30% of the fund created by the settlement.").

8. Accordingly, the Court hereby awards attorneys' fees of 25% of the gross Settlement Fund, or $625,000, plus interest at the same rate as that earned by the Settlement Fund. The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among Lead Counsel in a manner in which they believe reflects each counsel's contribution to the prosecution and resolution of the consolidated action.

9. In making this award of attorneys' fees and expenses, the Court has analyzed the factors considered within the Tenth Circuit as set forth in ***Gottlieb v. Barry***, 43 F.3d 474 482 n.4 (10th Cir. 1994) (citing ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714, 717-19 (5th Cir. 1974). In evaluating these factors, the Court finds that:

    a) Lead Counsel has conferred a substantial benefit to the Class.

    b) Lead Counsel has expended considerable time and labor over the course of the Action investigating, analyzing and prosecuting the claims. This is evidenced by the Lead Counsel's practice before the Court and Lead Counsel's representations that they

have: thoroughly investigated the claims asserted; researched and drafted pleadings; litigated a motion to dismiss; interviewed numerous witnesses with knowledge of the facts contained in the pleadings; obtained and reviewed filings with Securities and Exchange Commission ("SEC"), as well as press releases and other pertinent documents; thoroughly researched the law relevant to the claims against Defendants; developed extensive factual and damages analyses in consultation with Lead Plaintiffs' experts; drafted a mediation statement, which was exchanged with counsel for Defendants; engaged in arm's-length settlement negotiations, including a mediation, and advocated for a substantial settlement for the Class.  The services provided by Lead Counsel appear to have been successful and efficient, resulting in an outstanding recovery for the Class without the substantial expense, risk, and delay of continued litigation and trial.  Such efficiency and effectiveness supports the requested fee percentage.

   c) In this contingent litigation, Lead Counsel faced considerable risks of no recovery throughout the litigation, given, among other things, Defendants' scienter, loss causation and damages defenses.

   d) There have been no objections to the fee or expense request that cast doubt on the reasonableness of the request.

   e) Lead Counsel are very experienced and skilled practitioners in the securities litigation field, and have considerable experience and capabilities as class action specialists.  Their efforts in efficiently bringing the Action to a successful conclusion against the Defendants conferred a substantial benefit to the Class.

  10.  Lead Counsel's total lodestar is $777,173.75.  A 25% fee represents a multiplier of .80.  This further supports the Court's finding that the fee request is fair, adequate, and reasonable.  **See e.g., In re Petro-Lewis Sec. Litig.**, No. 84-326, slip op. (D. Colo. Jan. 23, 1985) (a 2.5 multiplier in a settlement reached within four months); **See**

*In re Oppenheimer Champion Income Fund Sec. Fraud Class Action*, No. 09-cv-386-JLK-KMT, slip op. (D. Colo. Sept. 30, 2011) (*Appendix* [#102], Ex. 6) (4.6 multiplier); *In re Core Bond Fund*, No. 09-cv-1186-JLK-KMT, slip op. (D. Colo. Sept. 30, 2011) (*Appendix* [#102], Ex. 7) (4.2 multiplier).

11. Lead Counsel has also requested an award of reimbursement of expenses in the amount of $32,792.03 plus interest at the same rate as that earned by the gross Settlement Fund.

12. Having reviewed the expense information submitted by Lead Counsel, the Court hereby approves the requested amount and awards expenses of $32,792.03, plus interest at the same rate as that earned by the Settlement Fund.

13. Lead Counsel has also requested that an service award of $8,000 be paid to Lead Plaintiff John Trommald to reimburse him for his reasonable costs and expenses relating to his involvement in this consolidated action.

14. The Court hereby awards Lead Plaintiff John Trommald a service award of $8,000 as reimbursement of his costs and expenses (including lost wages) directly related to his representation of the Class.

15. The awarded attorneys' fees and expenses of Lead Counsel shall be paid immediately after the date this Order is entered subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

16. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this consolidated action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

17. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

18. In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

19. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

20. To the extent the lead plaintiffs request an award of attorney fees, reimbursement of expenses, and approval of a service award for the lead plaintiff in the **Lead Plaintiffs' Revised Motion for Final Approval of the Settlement, Plan of Allocation, and Class Certification, and Lead Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses, and Approval of Service Award for Lead Plaintiff** [#103] filed July 26, 2012, that motion is **GRANTED** on the terms stated in this order.

IT IS SO ORDERED.

Dated September 14, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge