**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00780-REB-KLM
(Consolidated with Civil Action Nos. 09-cv-00816-REB-KLM and 09-cv-00829-REB-KLM)

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

---

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

---

**Blackburn, J.**

On September 14, 2012, this matter came before the Court for hearing pursuant to an Order of this Court [#95][1], dated April 18, 2012, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement [#93] dated as of November 8, 2011 (the "Stipulation").  Also before the court is **Lead Plaintiffs' Revised Motion for Final Approval of the Settlement, Plan of Allocation, and Class Certification, and Lead Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses, and Approval of Service Award for Lead Plaintiff** [#103] filed July 26, 2012.  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed

---

[1] "[#95]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows.

    1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

    2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

    3.  The Court finally certifies a Class, for settlement purposes only, defined as: All Persons who purchased Zynex common stock between May 21, 2008 and March 31, 2009, inclusive.  Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of Zynex, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

    4.  With respect to the Settlement Class, this Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the

Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the action

5.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, as against each and all of the Released Persons.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members.  This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants.  Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.  On the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown

Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. On the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice [#95] constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application or Lead Plaintiffs' expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this

Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. To the extent the lead plaintiffs request final approval of the settlement and class certification in the **Lead Plaintiffs' Revised Motion for Final Approval of the Settlement, Plan of Allocation, and Class Certification, and Lead Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses, and Approval of Service Award for Lead Plaintiff** [#103] filed July 26, 2012, that motion is **GRANTED** on the terms stated in this order. The issues of approval of the plan of allocation, attorney fees, expenses, and a service award for the lead plaintiff are addressed in separate orders.

17. The **Lead Plaintiffs' Motion for Final Approval of the Settlement, Plan of Allocation, and Class Certification, and Lead Counsel's Request for an Award of Attorneys' Fees and Reimbursement of Expenses, and Approval of Incentive Award for Lead Plaintiff** [#100] is **DENIED** as moot because that motion [#100] was supplanted by the lead plaintiffs' revised motion [#103].

IT IS SO ORDERED.

Dated September 14, 2012, at Denver, Colorado.

                                                      **BY THE COURT:**

                                                      */s/ Bob Blackburn*
                                                      Robert E. Blackburn
                                                      United States District Judge

**EXHIBIT 1**

No Exclusions