**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00780-REB-KLM
(Consolidated with Civil Action Nos. 09-cv-00816-REB-KLM and 09-cv-00829-REB-KLM)

MARJORIE MISHKIN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

ZYNEX, INC., f/k/a ZYNEX MEDICAL HOLDINGS, INC.,
THOMAS SANDGAARD and
FRITZ G. ALLISON,

    Defendants.

## ORDER GRANTING LEAD PLAINTIFFS' MOTION
## FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

**Blackburn, J.**

This matter is before me on the **Lead Plaintiffs' Motion for Distribution of Class Settlement Fund** [#112][1] filed January 13, 2013. No response or objection to the motion has been filed. I grant the motion.

WHEREAS Lead Plaintiffs John Trommald, Heather Trommald and Howard Makler on behalf of the Settlement Class, have moved this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order: (1) approving the administrative determinations of Class Action Administration, Inc. ("CAA") accepting and rejecting claims submitted herein; (2) directing distribution of the Net Settlement Fund, after

---

[1] "[#112]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (3) authorizing the destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing the destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (4) authorizing any undistributed funds that cannot be otherwise reallocated to be donated to Colorado Legal Services; and (5) for such other and further relief as may be just and proper, and good cause appearing therefor,

On due consideration of the application, the Court hereby orders as follows.

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation of Settlement.

2. The Motion is granted in its entirety, and the Court approves the determinations of CAA, the Claims Administrator, accepting claims, including the late but otherwise eligible Proofs of Claim, as set forth in the Affidavit of Matthew Pohl [#112-2].

3. The Net Settlement Fund established by the Settlement of this Class Action shall be distributed to Class Members who had submitted valid Claim Forms according to the determinations of CAA and consistent with the Plan of Allocation previously approved by the Court.

4. Rejected or otherwise ineligible Proofs of Claim are hereby rejected.

5. The Court bars the acceptance of claims received on or after January 31, 2013.

6. To the extent any funds remain undistributed because checks are not cashed or for any other reason, and reallocation to Class Members whose claims have been

accepted is not equitable and practical, Plaintiffs' Co-Lead Counsel is directed to distribute the uncashed balance to Colorado Legal Services, a non-profit corporation, which assists persons with low-income and seniors with legal matters throughout the State of Colorado.

7. One year after initial distribution of the Net Settlement Consideration, CAA may destroy any paper copies of the Proof of Claim forms and all related documentation, and three years after final distribution of the Net Settlement Consideration, it may destroy electronic copies of the same.

8. The **Lead Plaintiffs' Motion for Distribution of Class Settlement Fund** [#112] filed January 13, 2013, is **GRANTED**.

Dated February 26, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge